UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NIESHA NICOLE JACKSON,<br><br>Defendant. | Case No. 2:09-cr-00325-KJM-1<br>Case No. 2:14-cr-00268-KJM-1<br><br><br>ORDER |

On March 1, 2010, defendant Niesha Jackson pled guilty to bank fraud. Case No. 2:09-cr-325 KJM ("2009 Case"), ECF No. 34.[1] When she failed to appear for sentencing on October 6, 2011, the court issued a bench warrant. 2009 Case, ECF Nos. 74−75. Jackson was arrested more than two years later in April 2014, and then charged with failure to appear, 18 U.S.C. § 3146(a)(1); she pled guilty to this charge as well. 2009 Case, ECF No. 93; Case No. 2:14-cr-268 KJM ("2014 Case"), ECF Nos. 1 (information), 7 (plea). The court sentenced Jackson in both cases on May 6, 2015. 2009 Case, ECF No. 121; 2014 Case, ECF No. 26. Jackson has moved to vacate, set aside or correct her sentence under 28 U.S.C. § 2255, arguing she should have received a downward adjustment for acceptance of responsibility and should not have been sentenced to serve consecutive terms. Mot., 2009 Case, ECF No. 144; 2014 Case, ECF No. 42. For reasons explained below, the motion is DENIED.

---

[1] This case was assigned to District Judge Frank C. Damrell, Jr., since retired, until January 20, 2011 when it was reassigned to the undersigned. *See* ECF No. 57.

1

I.   BACKGROUND

On April 28, 2016, proceeding pro se, Jackson filed a motion under § 2255, arguing (1) she received ineffective assistance of counsel when her attorney "failed to let the courts [sic] know [she] was at the emergency room" on her sentencing date; (2) her failure to appear charge "would never have taken place if she had been represented appropriately" because her attorney should have informed the court she had been hospitalized; and (3) she should have received a sentence reduction for acceptance of responsibility, but did not because the court "could not get a yes or no answer from the U.S. Attorney weather [sic] he had documentation stating [she] was in the hospital on [her] sentencing court date." 2009 Case, ECF No. 124 at 4; 2014 Case, ECF No. 29 at 4. Jackson amended her motion on August 15, 2016, arguing that a recent amendment to the sentencing guidelines should be applied retroactively and warranted multiple reductions to her sentence. 2009 Case, ECF No. 126; 2014 Case, ECF No. 31.

On August 24, 2016, the court appointed counsel and granted counsel sixty days leave to either "file a motion to amend or advise the court whether counsel intends to proceed on the pro se section 2255 motion and its pro se amendment." 2009 Case, ECF No. 128; 2014 Case, ECF No. 33. The court then granted appointed counsel's request for an extension of time to amend or proceed on Jackson's pro se motions in light of the need to review necessary transcripts and communicate with Jackson. 2009 Case, ECF Nos. 134−135; 2014 Case, ECF Nos. 34−35. The court granted appointed counsel's two further requests for extensions of time to respond, with counsel representing she needed time for "additional communication" with Jackson. 2009 Case, ECF Nos. 138−141; 2014 Case, ECF Nos. 36−39.

On February 16, 2017, Jackson, through her appointed counsel, moved to withdraw her § 2255 motion. 2009 Case, ECF No. 142; 2014 Case, ECF No. 40. In a declaration accompanying the motion to withdraw, Jackson's counsel represented that she had "provided Ms. Jackson with all the materials [reviewed] and . . . [her] thoughts on what [Jackson's] options were" and "Ms. Jackson indicated to [counsel] that she wanted to withdraw the motions and [counsel] concurred with [Jackson's] assessment." 2009 Case, ECF No. 142 at 2−3; 2014 Case, ECF No. 40 at 2−3. Jackson filed a declaration that confirmed counsel's representations. 2009 Case, ECF No.

142 at 4−5; 2014 Case, ECF No. 40 at 4−5. The court granted the motion to withdraw on February 28, 2017. 2009 Case, ECF No. 143; 2014 Case, ECF No. 41.

On December 4, 2017, Jackson, proceeding pro se, filed the instant § 2255 motion. Mot., 2009 Case, ECF No. 144; 2014 Case, ECF No. 42. Identifying the facts supporting her motion, Jackson again explained that she "was unable to attend sentencing" in the original fraud case because she was hospitalized. *Id.* at 4. She also argued that during the 2015 sentencing, the government took the position that because Jackson had "personal merchandise" in her car when she was apprehended, she had not accepted responsibility for her crime; reliance on this information constituted a constitutional violation because "[t]o deny a reduction based on personal presumption, is a violation due process, as arbitrary enforcement comes into play, which is unconstitutional [sic]." *Id.* Jackson indicated she had raised and withdrawn the same grounds in her prior § 2255 motion, *id.* at 9, and also indicated that prior motion had been withdrawn by "counsel." *Id.* at 3.

In a memorandum accompanying her motion, Jackson argues that although she "accepted full responsibility for her actions" following her indictment on bank fraud, "the day of the initial sentencing, created an unhealthy environment for [her]," and "[s]he panicked," which is "normal." *Id.* at 14−15. Her "intentions were never to abscond" but her panic led to her hospitalization, and when she learned that a warrant had been issued for her arrest despite having informed her counsel of her hospitalization, Jackson "made the stupid mistake, [sic] of running." *Id.* at 15. Jackson also argues her "additional consecutive sentence for absconding, [sic] should suffice for additional punishment" and "not grant[ing] a reduction of points for acceptance of responsibility, without proof of such, violated due process." *Id.* at 15. Jackson also attacks the government's contention that she had not accepted responsibility because she had merchandise in her car as a claim "not backed up with evidence" that this court erroneously "adopted" in sentencing. *Id.* at 16.

The government opposes Jackson's motion. Opp'n, 2009 Case, ECF No. 146; 2014 Case, ECF No. 44. Jackson filed a reply, Reply, 2009 Case, ECF No. 148; 2014 Case, ECF No. 46, and she later filed an addendum, Addendum, 2009 Case, ECF No. 150; 2014 Case, ECF No. 48.

## II. LEGAL STANDARD

Generally, a federal prisoner collaterally attacking the validity of her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, filed in the court that imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, a federal court may grant relief "if the sentence was imposed in violation of the Constitution or laws of the United States." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (citations omitted).

## III. DISCUSSION

### A. Waiver

In the Ninth Circuit, a defendant's knowing and voluntary waiver of her statutory rights under § 2255 is enforceable against all non-waivable rights. *See United States v. Abarca*, 985 F.2d 1012, 1013–14 (9th Cir. 1993). A knowing and voluntary waiver of the right to collateral attack in a negotiated plea agreement is enforceable in federal court unless the attack is based on the violation of unwaivable rights. *See United States v. McTiernan*, 552 F. App'x 749, 750 (9th Cir. 2014) (citing *Abarca*, 985 F.2d at 1014) (holding waiver of right to collateral attack in plea agreement was "unambiguously stated and knowingly and voluntarily made, and so [wa]s valid and enforceable"); *see also United States v. Chan*, 721 F. App'x 728 (9th Cir. 2018) ("A waiver of a defendant's right to appeal or collaterally attack a conviction does not preclude a subsequent claim of ineffective assistance of counsel in which the defendant calls into question his entry into the agreement that contained the waiver.") (citation omitted).

A waiver of "rights to appeal and to bring a collateral attack is generally enforced if '(1) the language of the waiver encompasses [the] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (citation and internal quotation marks omitted). In determining whether a waiver was knowingly and voluntarily made, courts consider the "circumstances surrounding the signing and entry of the plea agreement . . . ." *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016), *cert. denied*, 138 S. Ct. 354 (2017) (citation and internal quotation marks omitted).

/////

Here, Jackson entered into two plea agreements, both of which contained express waivers of her right to appeal and to file a motion to attack her sentence under § 2255. 2009 Case, ECF No. 36 at 10 (sealed); 2014 Case, ECF No. 10 at 7−8. This satisfies the first step of the waiver test. As to the second step, nothing before the court, including Jackson's motion, suggests that Jackson's waiver of her rights was not knowing and voluntary. In each of her plea agreements, Jackson acknowledged in writing that she had read the agreement, carefully reviewed all aspects of the agreement with her attorney, understood the agreement and entered into the agreement voluntarily. 2009 Case, ECF No. 36 at 13 (sealed); 2014 Case, ECF No. 10 at 8−9; *see United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009) (a defendant's "written assurances that [the defendant] adequately reviewed the terms of the plea agreement" may evidence voluntariness); *Lo*, 839 F.3d at 784 (same). Moreover, at the outset of Jackson's plea entry on the failure to appear charge,[2] the court alerted her:

> If at any point you don't understand a question, or for any reason you wish to take a break to compare notes with your attorney, to think twice about what you are doing, for any reason whatsoever, please let me know because it is essential that you understand a question and feel confident in your answer before you answer.

Oct. 8, 2014 Tr., 2009 Case, ECF No. 133, at 4:23−5:3. Jackson indicated she understood. *Id.* at 5:4−5. Jackson later agreed that the government had accurately summarized her plea agreement, which included her "waiv[ing] appeal and collateral attack . . . ." *Id.* at 9:11−14, 19−22. Later in that same hearing, the court and Jackson had the following exchange:

> THE COURT: Also typically, without the kind of agreement you're presenting to the court, you would have the right to file a motion following sentence, seeking to vacate or reduce the sentence, but in the agreement you're giving up that right. Do you understand that?
>
> JACKSON: Yes, Your Honor.
>
> THE COURT: Do you understand that all of this means at the time of sentencing, if I impose a sentence that you do not like, that will

---

[2] Because no party has requested a transcript of Jackson's plea entry before Judge Damrell on March 1, 2010, *see* 2009 Case, ECF No. 34, that transcript is not available for the court's review. Nonetheless, as noted above, Jackson indicated in writing her full appreciation of the terms contained in the plea agreement as well as her voluntary acceptance of those terms. *See* 2009 Case, ECF No. 36 at 13 (sealed). Further, as discussed below, Jackson does not claim her waiver was unknowing or involuntary.

>not be a reason for you to withdraw your guilty plea if I accept it here today? Do you understand that?
>
>THE DEFENDANT: Yes, Your Honor.

*Id.* at 14:24−15:11.

Jackson had ample opportunity to alert the court to any confusion or misgivings she may have had regarding her plea. She raised none. Notably, in her motion, Jackson does not claim her waiver in either case was unknowing or involuntary and, in fact, suggests the opposite is true. *See* Mot. at 14 ("[S]he voluntarily admitted her role in the offense. She signed the plea agreement, agreeing to all stipulations without challenge. . . . She literally, [sic] accepted full responsibility for her actions."). In her reply, Jackson notes in passing, "a waiver is void where either ineffective counsel, [sic] or prosecutorial misconduct is raised," Reply at 3, but provides no facts suggesting she received ineffective assistance of counsel in entering into the plea agreements here or entering her guilty plea in open court; she also provides no facts suggesting that prosecutorial misconduct is at all implicated in these cases. Jackson bears the burden of establishing her waiver was not voluntary and knowing, and she has not met that burden. *See Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006).

Accordingly, the court finds Jackson knowingly and voluntarily waived her right to bring a § 2255 motion.

B. Merits

In addition to finding Jackson waived her right to challenge her sentence, the court finds her claims are meritless. To the extent Jackson argues that the court ignored her hospitalization on the day of the initial sentencing, she is mistaken. Jackson's counsel informed the court of Jackson's hospitalization, and, given counsel's representations, the court agreed to issue a bench warrant that was stayed until the next day to provide time for the defense to confirm her hospitalization. 2009 Case, ECF No. 132, at 2:10−21, 3:2−4:1. When the court was alerted that the probation officer assigned to this case was unable to verify Jackson's hospital admission, however, the court lifted the stay and issued the bench warrant. 2009 Case, ECF No. 75. Before the court sentenced Jackson, it again acknowledged her hospitalization, sustaining in part Jackson's

6

objection to portions of the presentence report that her counsel argued had "almost made it seem as though she was not at the hospital." 2009 Case, ECF No. 130 at 5:6−11, 6:20−25. Further, although Jackson argues she is entitled to a reduced sentence because she "panicked" but ultimately accepted responsibility, and because the court erroneously punished her for the merchandise found in her car, she mischaracterizes the record. At sentencing, the court explained its sentence was necessary "to send the message how serious th[e] [failure to appear] violation was," noting, "[e]ven if Ms. Jackson panicked on that day, she had plenty of time to rethink how to handle that and access to attorneys who would have helped her come back before the Court much sooner before engaging in further criminal conduct which is not charged."[3] *Id.* at 25:7−12. In other words, Jackson missed her sentencing hearing and then failed to appear before this court until she was apprehended more than two years later. The court did not err in issuing a sentence that recognized her serious transgression and she raises no cogent argument to the contrary.

IV. <u>CONCLUSION</u>

The motion is DENIED.

IT IS SO ORDERED.

DATED: June 13, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[3] As Jackson's counsel acknowledged at sentencing, "[p]art of th[e] [failure to appear] plea agreement was not to charge other items for what may or may not have been in her possession at the time she was apprehended in April." 2009 Case, ECF No. 130 at 18:11−13; *see* 2014 Case, ECF No. 10 at 5 (plea agreement obligating government "to not charge the defendant with any more offenses that are complete as of the date of this agreement and based on the facts set forth in Attachment A, except if this agreement is voided . . . ."); *id.* at 10 (plea agreement Exhibit A, factual basis, indicating that when Jackson was apprehended in 2014, she possessed "at least five mobile phones, an authentic California driver's license with the defendant's picture and another name, a bank card in someone else's name," among other items.

7